UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danielle Paulson, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> - against - <br><br> This is L. Inc., <br><br> Defendant | 1:22-cv-04665 <br><br><br> Class Action Complaint <br><br> Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1. This is L. Inc. ("Defendant") manufactures, labels, markets, and sells women's hygiene products represented as "100% Organic Core Tampons" under the L. brand ("Product").



2. The other statements include "with BPA-Free Plastic Applicators," and "No Rayon, Chlorine Bleaching, Dyes or Fragrances."

**I.     "100 PERCENT" CLAIMS**

3. Consumers understand "100 percent (%)" consistent with its dictionary definitions, which define it as "completely [or] entirely."

4. Consumers value personal care products represented as "100 percent" of a natural substance because such a statement necessarily implies the absence of non-natural and synthetic substances.

5. Consumers seek to avoid personal care products containing non-natural and synthetic substances because they are associated with detrimental health and environmental effects.

6. According to Nielsen, whether personal care products contain natural ingredients is of high importance to a significant percentage of consumers.

7. Academic studies indicate that consumers will pay considerably more for personal care products that are entirely composed of natural materials.

8. Despite the front label promise the Product was completely or entirely cotton and/or organic, it contains non-cotton and non-organic ingredients, revealed by the fine print on the back of the container.



Ingredients
Cotton
Polyester
Glycerin
Paraffin
Titanium Dioxide

9. Eighty percent of the Product's ingredients are not cotton, and include polyester,

glycerin, paraffin, and titanium dioxide.

10. Sixty percent of the Product's ingredients are not organic, and include polyester, paraffin, and titanium dioxide.

11. Polyester and paraffin are derived from petroleum, while titanium dioxide is a mineral from mined ilmenite ore.

**II. "COLORING" CLAIMS "NO RAYON, CHLORINE BLEACHING, DYES OR FRAGRANCES."**

12. The representations appeal to consumers who seek products without added coloring, through the statements of "No [] Chlorine Bleaching [and] Dyes."

13. Though "No [] Chlorine Bleaching [and] Dyes" are technically true, they are also misleading.

14. This is because the Product's color is enhanced through the addition of titanium dioxide, a synthetically prepared powder used as a white pigment.

15. The fine print on the back of the package discloses that titanium dioxide "makes [the cotton] look white [and is] naturally occurring."

| Ingredients | ...description |
|---|---|
| Cotton | ...organic cotton |
| Polyester | ...fiber that wicks away moisture |
| Glycerin | ...coating for smooth feeling |
| Paraffin | ...wax for smooth feeling |
| Titanium Dioxide | ...makes material look white, naturally occurring |

Titanium Dioxide … *makes material look white, naturally occurring*

16. Though titanium dioxide is neither a "dye" nor "chlorine," it serves the identical purpose of those two compounds which is to make the Product appear to be higher quality than it

3

is by enhancing the appearance of the cotton through whitening.

17. The representation that titanium dioxide is "naturally occurring" is misleading because when used commercially, it is produced through synthetic processes and results in a compound distinct from its natural source.

### III. CONCLUSION

18. Titanium dioxide is also banned in various products in the European Union and an ingredient of concern to many American consumers, including Plaintiff, who seek to avoid all types of products with this ingredient, especially for personal care.

19. Women's personal care products made entirely from cotton and/or organic ingredients, and/or without added synthetic coloring, are available to consumers and are technologically or commercially feasible.

20. Defendant makes other representations and omissions which are false and misleading.

21. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

22. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $12.99 for 30 tampons, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

### Jurisdiction and Venue

23. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

24. The aggregate amount in controversy exceeds $5 million, including any statutory

damages, exclusive of interest and costs.

25. Plaintiff is a citizen of Illinois.

26. Defendant is a California corporation with a principal place of business in Cincinnati, Hamilton County, Ohio.

27. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

28. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold at thousands of locations and online in the States covered by the classes Plaintiff seeks to represent with these representations for several years.

29. The Product is available to consumers from third-parties, including grocery stores, dollar stores, warehouse club stores, drug stores, big box stores, and online.

30. Venue is in this District because Plaintiff resides in this District and the actions giving rise to these claims occurred within this District.

31. This action should be assigned to the Eastern Division of this District because a substantial part of the events or omissions giving rise to these claims occurred in Cook County, including Plaintiff's purchase, transactions and/or use of the Product and awareness and/or experiences of and with the issues described here.

## Parties

32. Plaintiff Danielle Paulson is a citizen of Hoffman Estates, Cook County, Illinois.

33. Defendant This is L. Inc. is a California corporation with a principal place of business in Cincinnati, Hamilton County, Ohio.

34. Defendant makes natural and organic women's personal care products.

35. Plaintiff seeks to purchase personal care products which do not include non-natural

and non-organic components and added synthetic coloring.

36. Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at stores including Target, 1235 E Higgins Rd Schaumburg IL 60173, between August 2020 and August 2021, and/or among other times.

37. Plaintiff believed and expected the Product was entirely cotton and/or organic and did not contain ingredients to enhance its coloring.

38. Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, tags, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

39. Plaintiff bought the Product at or exceeding the above-referenced price.

40. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes and/or components.

41. Plaintiff paid more for the Product than she would have paid absent the false and misleading statements and omissions.

42. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition.

43. Plaintiff is unable to rely on the labeling and representations not only of this Product, but other similar women's personal care products represented as entirely cotton and/or organic and without synthetic or added coloring, because she is unsure whether those representations are truthful.

Class Allegations

44. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

>**Illinois Class:** All persons in Illinois who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
>**Consumer Fraud Multi-State Class**: All persons in the States of New Mexico, Kentucky, Virginia, Iowa, Idaho, Montana, Alabama, Louisiana, and Alaska who purchased the Product during the statutes of limitations for each cause of action alleged.

45. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

46. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

47. Plaintiff is an adequate representative because her interests do not conflict with other members.

48. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

49. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

50. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

51. Plaintiff seeks class-wide injunctive relief because the practices continue.

## Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*

### (Consumer Protection Statute)

52. Plaintiff incorporates by reference all preceding paragraphs.

53. Plaintiff believed the Product was entirely cotton and organic, and did not contain substances to enhance its color, because she relied on the representations and omissions.

54. Plaintiff paid more than she would have if the true facts had been known, suffering damages.

## Violation of State Consumer Fraud Acts

### (Consumer Fraud Multi-State Class)

55. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

56. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

57. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct.

## Breaches of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

58. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it was entirely cotton and organic, and did not substances to enhance its color.

8

59. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

60. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

61. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it was entirely cotton and organic, and did not contain substances to enhance its color.

62. Defendant's representations affirmed and promised the Product was entirely cotton and organic, and did not contain substances to enhance its color.

63. Defendant described the Product so Plaintiff believed it was entirely cotton and organic, which became part of the basis of the bargain that it would conform to its affirmations and promises.

64. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

65. This duty is based on Defendant's outsized role in the market for this type of Product.

66. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

67. Plaintiff provides or will provide notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

68. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

69. The Product did not conform to its affirmations of fact and promises due to

Defendant's actions.

70. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container or label, because it was marketed as if it was entirely cotton and organic, and did not contain substances to enhance its color.

71. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it was entirely cotton and organic, and did not contain substances to enhance its color.

## Negligent Misrepresentation

72. Defendant had a duty to truthfully represent the Product, which it breached.

73. This duty was non-delegable, based on Defendant's position, holding itself out as having special knowledge and experience in this area, an industry leader in natural and organic women's personal care products.

74. The representations and omissions went beyond the specific representations on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first that it has been known for.

75. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

76. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

77. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, her purchase of the Product.

### Fraud

78. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it was entirely cotton and organic, and did not contain substances to enhance its color.

79. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of this falsity and deception, through statements and omissions.

### Unjust Enrichment

80. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;
2. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;
3. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;
4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and
5. Other and further relief as the Court deems just and proper.

Dated:   August 31, 2022

                      Respectfully submitted,

                      /s/Spencer Sheehan  
                      Sheehan & Associates, P.C.  
                      60 Cuttermill Rd Ste 412  
                      Great Neck NY 11021  
                      (516) 268-7080  
                      spencer@spencersheehan.com